# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3582

———————

Kenneth Hueske; Kathleen Hueske,    *
      *
         Appellants,    *
      *    Appeal from the United States
      v.    *    District Court for the
      *    District of North Dakota.
State Farm Fire and Casualty Company,   *
a foreign corporation,    *    [UNPUBLISHED]
      *
         Appellee.    *

———————

Submitted: June 12, 2008
Filed: August 13, 2008

———————

Before SMITH and GRUENDER, Circuit Judges, and ROSENBAUM,[1] District
Judge.

———————

PER CURIAM.

Kenneth and Kathleen Hueske ("the Hueskes") filed suit against State Farm Fire
& Casualty Company ("State Farm"), seeking a declaration that the State Farm
insurance policies issued to Fred Berger and his cattle company provided coverage for
the losses the Hueskes sustained from feeding their cattle tainted corn syrup purchased

———————

[1]The Honorable James M. Rosenbaum, United States District Judge for the
District of Minnesota, sitting by designation.

from Berger. The district court[2] granted summary judgment in favor of State Farm. We affirm.

Berger is the sole owner of Fred Berger Limited, a cattle company operating in North Dakota and South Dakota. Berger's cattle company has two facets: (1) a cattle-brokering business that involves the purchase and sale of cattle for himself and other ranchers; and (2) a livestock production business that involves "raising and putting pounds on cattle."

In the summer of 2002, a cattle feed shortage hit the area, and in his efforts to acquire feed, Berger learned of a corn syrup product that could be mixed with standard feed to supplement the rations provided to livestock. Berger contacted a plant in Minnesota and began purchasing corn syrup for his cattle operation. Although Berger initially purchased the feed supplement for his own cattle operation, in July 2002 he began purchasing additional quantities of the product and reselling it to other ranchers for a profit. Berger hoped to generate enough additional income to cover the cost of the corn syrup he used in his own cattle operation.

In December 2002, the Hueskes received a load of corn syrup from Berger that they described as "smelly." By the spring of 2003, the Hueskes' cattle began to get sick and some of the females in their herd aborted their calves. The Hueskes had the supply of corn syrup tested and discovered that it was contaminated with diesel fuel. Tissue samples from the aborted calves also indicated the presence of diesel fuel.[3]

---

[2]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

[3]Circle G Transport, LLC, the carrier that Berger arranged to deliver the corn syrup, also "back hauled" diesel fuel from a petroleum refinery. In an attempt to prevent any contamination, Berger paid Circle G a higher fee per delivered load of corn syrup on the condition that Circle G clean its delivery tanks prior to each delivery. Nevertheless, contamination apparently occurred.

The Hueskes initiated a lawsuit against Berger, his cattle company, and Circle G Transport in state court for damages allegedly resulting from the contaminated corn syrup. State Farm provided Berger a defense to the action under a reservation of rights pending an investigation into whether the Hueskes' claims were covered under Berger's insurance policies. State Farm ultimately determined that Berger's insurance provided no coverage and withdrew its defense. Thereafter, Berger entered into a *Miller-Shugart*[4] settlement agreement with the Hueskes, and the Hueskes settled their claims with Circle G.

The Hueskes then commenced this lawsuit, seeking a declaration that Berger's State Farm insurance policies provided coverage for their losses. State Farm filed a motion for summary judgment, contending that Berger's corn syrup brokerage activities was a business pursuit outside of his farming operation, and thus was excluded from coverage under the policy's "business pursuits" exclusion. The district court agreed and granted State Farm's motion for summary judgment.

On appeal, the Hueskes contend that the district court erred in granting summary judgment. We have carefully reviewed the record and considered the parties' briefs. Reviewing the issues raised in the Hueskes' appeal de novo, *see Fitzgerald v. Action, Inc.*, 521 F.3d 867, 871 (8th Cir. 2008) (setting forth the standard of review for a grant of summary judgment), we find no error in the district court's disposition of the Hueskes' claims. We therefore affirm the judgment of the district court for the reasons stated in its thorough and well-reasoned opinion. *See* 8th Cir. Rule 47(b).

_____

---

[4]*Miller-Shugart* settlements allow an insured to stipulate to a settlement of claims asserted by a plaintiff and stipulate that a judgment may be collected only from the proceeds of any insurance policy, with no personal liability to the defendant/insured. *D.E.M. v. Allickson*, 555 N.W.2d 596, 602 (N.D. 1996); *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982).